MAURA C. FAHEY, OSB # 133549
maura@crag.org – (503) 525-5722
EMMA A.O. BRUDEN, OSB # 163525
emma@crag.org – (503) 525-2725
RALPH O. BLOEMERS, OSB # 984172
ralph@crag.org – (503) 525-2727
Crag Law Center
917 SW Oak Street, Suite 417
Portland, Oregon 97205
Fax: (503) 296-5454

*Attorneys for Audubon Society of Portland, et al.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **AUDUBON SOCIETY OF PORTLAND**, an Oregon non-profit corporation; **OREGON WILD**, an Oregon non-profit corporation, and **WATERWATCH OF OREGON**, an Oregon non-profit corporation,<br><br>              Plaintiffs,<br><br>   v.<br><br>**RYAN ZINKE**, in his official capacity as Secretary of the United States Department of the Interior; **JIM KURTH**, in his official capacity as Acting Director of the United States Fish and Wildlife Service; and the **UNITED STATES FISH AND WILDLIFE SERVICE**, a federal agency of the United States Department of the Interior,[1] | Case No. 1:17-cv-00069-CL (lead)<br>Case No. 1:17-cv-00098-CL (trailing)<br>Case No. 1:17-cv-00468-CL (trailing)<br>Case No. 1:17-cv-00531-CL (trailing)<br><br><br>**COMBINED PROPOSED BRIEFING SCHEDULES FOR CONSOLIDATED CASES** |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ryan Zinke, the current Secretary of the United States Department of the Interior, is automatically substituted for Sally Jewell, the former Secretary of the United States Department of the Interior, and Jim Kurth, the current Acting Director of the United States Fish and Wildlife Service, is automatically substituted for Daniel M. Ashe, the former Director of the United States Fish and Wildlife Service.

PROPOSED BRIEFING SCHEDULE IN CONSOLIDATED CASES - 1

|  |  |
|---|---|
| Defendants. | |
| **TULELAKE IRRIGATION DISTRICT**; **KLAMATH WATER USERS ASSOCIATION**; **TULELAKE GROWERS ASSOCIATION**; **TALLY HO FARMS PARTNERSHIP DBA WALKER BROTHERS**; **FOUR H ORGANICS, LLC**; and **WOODHOUSE FARMING AND SEED COMPANY**, | |
| Defendant-Intervenors. | |

**PROPOSED BRIEFING SCHEDULE IN CONSOLIDATED CASES**

Pursuant to the Court's April 17, 2017 Case Management Order (ECF No. 30), and the Court's guidance provided during the April 17, 2017 status conference, the parties have conferred regarding a proposed schedule for further proceedings.

Generally, the parties agree that the proposed schedule should consist of two components: a procedure for resolving disputes over the completeness of the Administrative Record, followed by a schedule for briefing cross-motions for summary judgment pursuant to LR 56. The parties, however, have been unable to agree on certain details of a proposed schedule, and set forth their respective positions below:

> **Position of the Plaintiff in *Center for Biological Diversity v. U.S. Fish and Wildlife Service*, No. 1:17-cv-468-CL; Plaintiff in *Western Watersheds Project v. U.S. Fish and Wildlife Service*, No. 1:17-cv-98-CL; Plaintiffs in *Audubon Society of Portland, et al. v. Ryan Zinke, et al.*, No. 1:17-cv-69-CL; and [Proposed] Defendant-Intervenors in *Tulelake Irrigation District, et al. v. U.S. Fish and Wildlife Service, et al.*, No. 1:17-cv-531-CL (collectively, the "Conservation Organizations")**

Bearing in mind the purposes of consolidation, Conservation Organizations have developed a proposed briefing schedule that provides for judicial efficiency and conservation of the resources of the parties while ensuring that all parties have the opportunity to assert their

positions.  The Court granted Tulelake Irrigation District's motion to consolidate four cases challenging the U.S. Fish and Wildlife Service's issuance of the Record of Decision adopting the Final Comprehensive Conservation Plan/Environmental Impact Statement for the Lower Klamath, Clear Lake, Tule Lake, Upper Klamath, and Bear Valley National Wildlife Refuges.  As Tulelake Irrigation District noted in its motion to consolidate, the four cases will be resolved on the same administrative record and implicate the same federal statutes—the National Environmental Policy Act, the Kuchel Act of 1964, the National Wildlife Refuge System Administration Act, as amended by the National Wildlife Refuge System Improvement Act, and the Administrative Procedure Act—with the Audubon Society Plaintiffs' claims implicating one additional federal statute, the Clean Water Act.  ECF No. 25, at 3–4.

      Based on such significant overlap, Conservation Organizations expect that the briefing of the each plaintiff groups' respective claims will have substantial overlap.  Because of this overlap and to avoid duplicative briefing, Conservation Organizations propose a 14-brief schedule—as opposed to Federal Defendants' 24-brief schedule set out below—in order to conserve the parties' and the Court's resources.  As the Court indicated to be the regular practice in cases involving cross-motions for summary judgment, this schedule establishes four different briefing dates.  Additionally, it limits each party group to one brief for each briefing date.  For example, when the Federal Defendants file their Opposition to all Plaintiffs' Motions for Summary Judgment and Cross-Motion for Summary Judgment, they would file one brief that responds to all four plaintiffs.  Conservation Organizations expect that this brief would be significantly longer than the default word count/page limits in LR 7-2(b), but ultimately more efficient because it would minimize duplicative discussions of the legal and factual backgrounds

and would address related claims in the consolidated cases together, which furthers the purpose of consolidation.

Federal Defendants express concern over two aspects of Conservation Organizations' proposed schedule: supplementing the record with extra-record materials—if any—in the course of summary judgment briefing and limiting the Federal Defendants to one brief for each of its two briefing dates. As noted, all parties are in general agreement that the schedule should include a provision for pre-summary-judgment briefing of any issues related to the *completeness* of the administrative record—that is, whether the Federal Defendants have lodged the "'whole' administrative record, [which] consists of all documents and materials directly or *indirectly* considered by agency decision-makers . . . ." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original, internal quotation marks omitted). Regarding Federal Defendants' first concern about the timing of any *supplementation* of the administrative record, Conservation Organizations suggest that all Plaintiffs file any extra-record materials they may wish the Court to consider with their summary judgment briefs to streamline the briefing schedule and avoid unnecessary motions. Conservation Organizations believe that including extra-record supplementation (if any) with summary judgment briefing would be a minimal burden on all parties and acknowledge that the party seeking to admit extra-record materials—whether plaintiff or defendant—bears the burden of demonstrating why the Court should consider the extra-record materials. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014).

Supplementation in the course of summary judgment briefing will conserve resources, because parties can usually only demonstrate that the Court should consider extra-record materials by reference to their arguments on the merits and the facts of the case. Attempting to

determine all extra-record supplementation issues before summary judgment briefing begins would, in effect, require parties to submit their full summary judgment briefs along with the request to supplement, which is inefficient, duplicative, and contrary to the normal practice of this Court.  *See, e.g.*, *Ctr. for Biol. Diversity v. Wagner*, No. CIV. 08-302-CL, 2009 WL 2176049, at *8–9 (D. Or. June 29, 2009) (accepting and considering extra-record declaration filed by the federal defendants in that case with their reply brief in support of their cross-motion for summary judgment).  As that case illustrates, a party should not be foreclosed from supplementing the record once summary judgment briefing commences, as suggested by the Federal Defendants.  The procedure proposed by Conservation Organizations is also more consistent with this Court's prescribed practice for handling evidentiary objections in the course of summary judgment briefing. *See* LR 56-1(b).

Regarding Federal Defendants' second concern, Conservation Organizations believe that one brief for each party group would avoid unnecessarily duplicating discussions that are common to each case, but with reasonable word count or page limits for each brief (either the default limits in LR 7-2(b) or an appropriate enlarged limit with the Court's prior approval), would not inhibit a party's ability to discuss all necessary arguments.  Without consolidated briefing, the briefing schedule would not meet the purposes of consolidating the cases.

Finally, if the Court adopts Federal Defendants' proposal, Audubon Society, et al. request that the Court extend the deadline for Audubon Society, et al. and Tule Lake Irrigation District plaintiffs to file their respective Replies in Support of Motions for Summary Judgment and Responses to Cross-Motions for Summary Judgment to January 18, 2018 and adjust all future dates accordingly.  As proposed, Audubon and Tulelake Irrigation District will have 31 days, which includes two major holidays, to file their Replies/Responses. Both Audubon and Tulelake

Irrigation District will likely be responding to two summary judgment briefs. Given the scope of the briefing and the intervening holiday season, Audubon requests a revision to Federal Defendant's proposal to allow 45 days for Plaintiffs' Replies/Responses.

Conservation Organizations' Proposed Briefing Schedule:

1. On or before **June 30, 2017**, Plaintiffs shall notify Federal Defendants whether they believe the Administrative Record is complete or should be completed with additional materials. Should a dispute arise regarding the completeness of the Administrative Record, the parties will attempt to negotiate a resolution. Whether there is need to supplement the Record with extra-record materials, and whether the proffered extra-record materials are within any exceptions to record review, will be addressed through evidentiary objections in summary judgment responses or replies in accordance with LR 56-1(b).

2. The parties will file a status report on or before **July 28, 2017**, notifying the Court that either: (a) they have reached agreement that the Records for judicial review are complete; or (b) one or more parties intend to move the Court to resolve a dispute regarding the completeness of the Administrative Records.

3. Any motion challenging the completeness of the Administrative Record ("Record Motion") shall be filed by **August 11, 2017**. Briefing on any such Record Motion shall proceed in accordance with LR7.[2] The parties respectfully request that the Court rule on any Record Motion as expeditiously as practicable so the matter is resolved prior to the commencement of summary judgment briefing.

---

[2] If more than one motion is filed by non-federal parties to compel completion of the Administrative Record, the Federal Defendants will require additional time to file their response, and will move the Court accordingly based on the number of motions filed.

PROPOSED BRIEFING SCHEDULE IN CONSOLIDATED CASES - 6

4. The parties will file a joint status report within 14-days of the Court's ruling on any Record Motion setting forth a proposed summary judgment briefing schedule.

5. If Plaintiffs do not file any Records Motions, the parties propose the following schedule for summary judgment briefing:

    a. On or before **August 21, 2017**, Plaintiffs shall file separate Motions for Summary Judgment in their respective cases.

    b. On or before **November 17, 2017** Federal Defendants shall file a single Opposition to all Plaintiffs' Motions for Summary Judgment and Cross-Motion for Summary Judgment. Also on or before **November 17, 2017**, Defendant-Intervenors shall each file a single Opposition to the relevant Plaintiffs' Motions for Summary Judgment and Cross-Motion for Summary Judgment.

    c. On or before **December 22, 2017** Plaintiffs shall each file their respective Replies in Support of Motions for Summary Judgment and Responses to Cross-Motions for Summary Judgment in their respective cases.

    d. On or before **January 31, 2018** Federal shall file a single Reply in Support of the Cross-Motion for Summary Judgment. Also on or before **January 31, 2018**, Defendant-Intervenors shall each file a single Reply in Support of their Cross-Motions for Summary Judgment.

**Position of the Federal Defendants**

The Federal Defendants have developed the following proposed schedule taking into consideration (1) that it is Plaintiffs' burden to demonstrate that a document is missing from the Federal Defendants' Administrative Record that will prevent the Court from fairly reviewing the agency's decision; and (2) that consolidation should not prejudice the Federal Defendants' defense to Plaintiffs' claims.

First, Plaintiffs' proposed schedule attempts to shift its burden onto the Federal Defendants, demanding that the Federal Defendants show why extra-Record materials should not be considered through evidentiary objections in summary judgment responses or replies. The

Ninth Circuit has recognized four narrow exceptions when courts expand Administrative Procedure Act review beyond the administrative record.  *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1117 (9th Cir. 2007).  The court may inquire outside the record: (1) when "necessary to determine whether the agency has considered all relevant factors and has explained its decision," (2) "when it appears that the agency relied on materials or documents which were omitted from the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."  *Id*. (citing *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir.1996)).

      The party seeking to expand the administrative record bears the burden of demonstrating that its proposed extra-record submission fits within one of the "narrow exceptions" to record-review.  *Ranchers Cattlemen Action Legal Fund United Stockgrowers v. USDA*, 499 F.3d 1108, 1114 (9th Cir. 2007); *San Luis & Delta Mendota Water Auth.*, 984 F. Supp. 2d at 1055.  The Federal Defendants' proposed schedule shifts the burden back to Plaintiffs to show why the Court should consider materials outside of the Record, and prevents inefficiencies caused by the parties' reliance on materials in the merits briefing that the Court may ultimately exclude.

      Second, Plaintiffs' proposed schedule prejudices the Federal Defendants' defense against Plaintiffs' claims, because it allows them only a single Opposition to all Plaintiffs' Motions for Summary Judgment and Cross-Motion for Summary Judgment, and a single Reply in Support of the Cross-Motion for Summary Judgment, whereas the Plaintiffs are permitted one for each case.  Plaintiffs do not propose consolidating their briefs into one, thus is it unfair to limit the Federal Defendants to a single brief.  Moreover, the Federal Defendants advocate for separate briefs as opposed to a single brief addressing the arguments of plaintiffs in four separate cases on account

of the differences in the claims brought in each case, as well as the ability to keep the cases separate in the event of appeal.  The Federal Defendants' proposed schedule also staggers the Federal Defendants' Oppositions to Plaintiffs' Motions for Summary Judgment and Cross-Motions for Summary Judgment and Replies so that the Federal Defendants are not required to file four separate briefs on the same day.

Federal Defendants propose the following schedule:

1. On or before **June 30, 2017**, Plaintiffs shall notify Federal Defendants whether they believe the Administrative Record is complete.  Should a dispute arise regarding the completeness of the  Administrative Record, the applicability of any exceptions to Record review, or any asserted  need for judicial review of extra-Record materials, the parties will attempt to negotiate a  resolution.

2. The parties will file a status report on or before **July 28, 2017**, notifying the Court that either: (a) they have reached agreement that the Record for judicial review are complete; or (b) one or more parties intend to move the Court to resolve a dispute regarding the completeness of the Administrative Record, the applicability of any exceptions to Record review, or the need for judicial review of extra-Record materials.

3. Any motion challenging the completeness of the Administrative Record, the applicability of any exceptions to Record review, or the need for judicial review of extra-Record materials ("Record Motion") shall be filed by **August 11, 2017**.  Briefing on any such Record Motion shall proceed in accordance with LR7.[3]  The parties respectfully request that the Court

---

[3] If more than one motion is filed by non-federal parties to compel completion/supplementation of the Administrative Record or for review of extra-record documents, the Federal Defendants will require additional time to file their response, and will move the Court accordingly based on the number of motions filed.

rule on any Record Motion as expeditiously as practicable so the matter is resolved prior to the commencement of summary judgment briefing.

4.  The parties will file a joint status report within 14-days of the Court's ruling on any Record Motion setting forth a proposed summary judgment briefing schedule.

5.  If Plaintiffs do not file any Records Motions, the parties propose the following schedule for summary judgment briefing with page limits in accordance with the local rules:

> a. On or before **August 21, 2017**, Plaintiffs shall file separate Motions for Summary Judgment in their respective cases.
>
> b. On or before **November 20, 2017** Federal Defendants & Defendant-Intervenors each shall file separate Oppositions to Plaintiffs' Motions for Summary Judgment and Cross-Motions for Summary Judgment in the following cases: *Center for Biological Diversity v. U.S. Fish and Wildlife Service*, No 1:17-cv-468-CL and *Western Watersheds Project v. U.S. Fish and Wildlife Service*, No. 1:17-CV-98-CL.
>
> c. On or before **December 4, 2017** Federal Defendants and Defendant-Intervenors shall file separate Oppositions to Plaintiffs' Motions for Summary Judgment and Cross-Motions for Summary Judgment in the following cases: *Audubon Society of Portland, et al. v. Sally Jewell, et al.*, No. 1:17-CV-69-CL and *Tulelake Irrigation District, et al. v. U.S. Fish and Wildlife Service, et al.*, No. 17-cv-531-CL.
>
> d. On or before **December 20, 2017** Plaintiffs in *Center for Biological Diversity v. U.S. Fish and Wildlife Service*, No 1:17-cv-468-CL and *Western Watersheds Project v. U.S. Fish and Wildlife Service*, No. 1:17-CV-98-CL shall each file their respective Replies in Support of Motions for Summary Judgment and Responses to Cross-Motions for Summary Judgment in their respective cases.
>
> e. On or before **January 4, 2018** Plaintiffs in *Audubon Society of Portland, et al. v. Sally Jewell, et al.*, No. 1:17-CV-69-CL and *Tulelake Irrigation District, et al. v. U.S. Fish and Wildlife Service, et al.,* No. 17-cv-531-CL shall each file their respective Replies in Support of Motions for Summary Judgment and Responses to Cross-Motions for Summary Judgment in their respective cases.
>
> f. On or before **January 29, 2018** Federal Defendants and Defendant-Intervenors each shall file separate Replies in Support of their Cross-

      Motions for Summary Judgment in the following cases: *Center for Biological Diversity* and *Western Watersheds Project v. U.S. Fish and Wildlife Service*, No. 1:17-CV-98-CL.

  g.  On or before **February 12, 2018** Federal Defendants and Defendant-Intervenors each shall file separate Replies in Support of their Cross-Motions for Summary Judgment in the following cases: *Audubon Society of Portland, et al. v. Sally Jewell, et al.*, No. 1:17-CV-69-CL, No 1:17-cv-468-CL and *Tulelake Irrigation District, et al. v. U.S. Fish and Wildlife Service*, et al., No. 17-cv-531-CL.

**<u>Position of Tulelake Irrigation District, et al. -- Plaintiffs in *Tulelake Irrigation District et al. v. U.S. Fish and Wildlife Service*, No. 1:17-cv-00531-CL and Defendant-Intervenors in *Audubon Society of Portland, et al. v. Sally Jewell, et al.*, No. 1:17-CV-69-CL; *Center for Biological Diversity v. U.S. Fish and Wildlife Service*, No 1:17-cv-468-CL; and *Western Watersheds Project v. U.S. Fish and Wildlife Service*, No. 1:17-CV-98-CL</u>**

Counsel for Tulelake Irrigation District, Klamath Water Users Association, Tulelake Growers Association, Tally Ho Farms Partnership dba Walker Brothers, Four H Organics, LLC, Woodhouse Farming and Seed Company, and Michael Byrne (TID *et al.*) participated in the consultation with the Federal Defendants and the three groups of other Plaintiffs involved in these consolidated cases. TID *et al.* group members are in a unique position, as Plaintiffs in the *TID et al. v. U.S. Fish and Wildlife Service* case, and Defendant-Intervenors in the other three cases. Ultimately, with the parties unable to agree on a single briefing schedule or set of procedures, the Federal Defendants and the three other Plaintiffs groups have each proposed a somewhat different schedule and procedures. TID *et al.* does not propose a third schedule or set of procedures, but rather provides below its positions on what appear to be the main issues addressed by the parties.

  1.  <u>Briefing Period</u>: Both proposed schedules appear to provide adequate time to prepare and submit opening, response and reply briefs on motions and cross-motions for summary judgment in the four consolidated cases. Both schedules have summary judgment

briefing commencing **August 21, 2017** (in the absence of any motion challenging the completeness of the Administrative Record), and the briefing period ending either **January 31, 2018** or **February 12, 2018**.  This litigation involves multiple complex cases, and TID *et al.* agrees this briefing period is generally appropriate.

       2.    <u>Separate vs. Combined Briefs Responding to Multiple Briefs from Other Parties</u>: The three Plaintiffs groups would have the Federal Defendants and the Defendant-Intervenors each file only a single brief responding to three (or four) briefs filed by the Plaintiffs at any one time.  TID *et al.* believes it would be most equitable and efficient for the parties to make their own determinations regarding whether to combine arguments responding to multiple briefs in a single responsive brief or multiple briefs.  Until a party actually receives the briefs to which it must respond, and is able to assess the degree to which common or distinct background, facts and issues are presented, it cannot be determined how to most effectively and efficiently respond.

       3.    <u>Administrative Record Completeness and Supplementation</u>:  All of the parties appear to agree that any disputes regarding the completeness of the Administrative Record should be addressed first through attempted negotiation.  The parties further agree that motions challenging threshold issues concerning the completeness of the Administrative Record should be filed, briefed, and resolved prior to the initiation of summary judgment briefing.  TID *et al.* concurs with both these first and second steps seeking to resolve disputes over the Administrative Record.

Beyond these initial steps, TID *et al.* maintains that a party should have the ability to seek to supplement the record if it becomes necessary and appropriate to do so in the course of summary judgment briefing.  A party should not be foreclosed from supplementing the record once summary judgment briefing commences, as suggested by the Federal Defendants.  Nor

should the burden be shifted to the Federal Defendants to interpose an evidentiary objection in order to exclude extra-record evidence that a party seeks to have considered, as suggested by the other Plaintiffs groups.

      Accordingly, TID *et al.* maintains that if a party finds it necessary in the course of summary judgment briefing to supplement the record beyond the Administrative Record filed by the Federal Defendants, that party should file an appropriate motion and establish that it meets the standards for proper consideration of that evidence.  Other parties can then respond to that motion, and the Court can resolve the question of whether that evidence is properly considered in the litigation.  While the Federal Defendants recite in their statement of position various authorities regarding supplementation of an administrative record, TID *et al.* believes that the proper standards should be presented and considered by the Court at the time an actual dispute makes the issue ripe for determination.

DATED: May 15, 2017.

Respectfully submitted,

| | |
|---|---|
| s/ *Maura C. Fahey* | Stephanie M. Parent, OSB # 925908 |
| | Center for Biological Diversity |
| Maura C. Fahey, OSB # 133549 | P.O. Box 11374 |
| Emma A. O. Bruden, OSB # 163525 | Portland, Oregon 97211 |
| Crag Law Center | Tel: (971) 717-6404 |
| 917 SW Oak St., Suite 417 | sparent@biologicaldiversity.org |
| Portland, Oregon 97205 | |
| Tel: (503) 525-2722 | Hannah M. M. Connor, *pro hac vice* |
| maura@crag.org | Center for Biological Diversity |
| emma@crag.org | P.O. Box 2155 |
| | St. Petersberg, Florida 33731 |
| *Attorneys for Audubon Society of Portland,* | Tel: (202) 681-1676 |
| *Oregon Wild, and WaterWatch of Oregon* | hconnor@biologicaldiversity.org |
| | |
| | *Attorneys for Center for Biological Diversity* |

PROPOSED BRIEFING SCHEDULE IN CONSOLIDATED CASES - 13

Paul D. Ruprecht, OSB # 132762
Western Watersheds Project
126 NE Alberta Street, Suite 208
Portland, Oregon 97211
Tel: (208) 421-4637
paul@westernwatershed.org

David H. Becker, OSB # 081507
Law Office of David H. Becker, LLC
833 SE Main Street, #302
Portland, Oregon 97214
Tel: (503) 388-9160
Davebeckerlaw@gmail.com

*Attorneys for Western Watersheds Project*

BILLY J. WILLIAMS
United States Attorney
STEPHEN ODELL
Assistant United States Attorney
District of Oregon
600 United States Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902
(503) 727-1000 (phone)
JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

Jessica M. Held, VA Bar # 73023
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street, NW, Room 3144
Washington, D.C. 20004
Tel: (202) 305-0575
Jessica.Held@usdoj.gov

*Attorneys for Federal Defendants*

Paul S. Simmons, OSB # 971386
Somach Simmons & Dunn, PC
500 Capitol Mall, Suite 1000
Sacramento, CA 95814
Tel: (916) 446-7979
psimmons@somachlaw.com

Michael Gheleta, *pro hac vice*
Somach Simmons & Dunn, PC
2305 Broadway, Suite 200
Boulder, Colorado 80304
Tel: (303) 449-2835
mgheleta@somachlaw.com

*Attorneys for Tulelake Irrigation District, et al.*